TRADER *v.* TRADER.

DIVORCE—EXTREME CRUELTY—NONSUPPORT.
> Decree to wife in her suit for divorce on grounds of extreme
> cruelty and nonsupport, *held*, justified by record.

Appeal from Ottawa; Vanderwerp (John), J.,
presiding. Submitted April 23, 1931. (Docket No.
79, Calendar No. 35,579.) Decided June 1, 1931.

Bill by Lorine M. Trader against Albert C. Trader
for divorce. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E.
Hoffman,* of counsel), for plaintiff.

*Robinson & Parsons,* for defendant.

BUTZEL, C. J. Lorine M. Trader, plaintiff, charging cruelty and nonsupport, brought suit for divorce
against defendant, Albert C. Trader. The parties
were married in Chicago in 1908 and are respectively 42 and 43 years of age. Three sons, under
16 years of age, and respectively 15, 11, and 7 years
old, are now living with, and being supported by,
plaintiff. A son 20 years of age also lives with plaintiff.

Defendant was formerly a baggage man on a railroad. Over 10 years ago the parties moved to
Ottawa county in this State, where they purchased
a 15¾-acre farm for $4,800. They both contributed
towards it. There is a $2,000 mortgage against the
farm. Defendant alleges the farm is worth less

than $7,000. It is assessed at $2,000. Defendant for a time worked for plaintiff's father, but when the latter's factory was shut down over seven years ago, defendant did not secure any other position. The family soon thereafter became destitute, and their credit was shut off. In order to help support them, plaintiff returned to Chicago, where she averaged $60 a week as a milliner. She continually sent money to defendant in order to maintain the family and a part of the time to pay for a housekeeper. Defendant admits that she contributed over $3,000 for these purposes. He constantly wrote to her for more money. The children continued to live with defendant on the farm while plaintiff remained the breadwinner. Defendant, although strong and able-bodied, seemed unwilling or unable to secure a position and provide for the family. He attributes his remissness to the present unemployment situation, but his idleness began many years prior thereto, and has continued ever since.

Plaintiff finally returned home, but soon thereafter left defendant, and took the three children under 16 years of age with her to Wayne, Michigan, where they all live with her father. She supports herself and the children with the aid of her father and her 20-year old son. The lower court granted plaintiff a decree of divorce, and defendant has appealed.

On motion in this court to compel defendant to pay towards plaintiff's expenses on the appeal, it was stated in the accompanying affidavit, and not denied by defendant, that although defendant had been ordered to pay $7.50 a week for the support of the children *pendente lite* and also an attorney's fee, he had not made any payment whatsoever in almost the year that has elapsed since the entry of the

order. While the nonsupport charge must be entirely founded on facts that occurred prior to the filing of the bill, nevertheless the conduct of the defendant in not obeying the court's order and thus contributing towards the family's support tends to confirm our opinion, after reading the record, that defendant is guilty of nonsupport, and that the court was correct in granting plaintiff a decree.

Plaintiff also charges defendant with extreme cruelty, principally on account of using obscene and vile language, and making opprobrious charges. It is claimed that plaintiff did not have such a refined and sensitive nature so as to be seriously affected by defendant's misconduct in this regard. Details are unnecessary. Even were there any doubt as to the charges of cruelty, defendant's expressions to the children and in their presence, and his absolute failure and neglect to provide support for his wife and children, leave no room for doubt but that the trial judge was correct in granting the divorce.

The trial judge in the final decree ordered defendant to pay $1.50 a week for the support of each of the minor children until each reaches the age of 16. He gave the farm, subject to the mortgage, to plaintiff. He also gave her certain personal property in the home, and one-half of the household furniture. He also permitted defendant to retain his one-third interest in the equity in a Chicago building, mortgaged for $5,000 and estimated to be worth $11,000. Its real worth was not shown. He was also permitted to keep the cow, pigs, farm tools, and a Ford truck and a Dodge sedan. Defendant claims that he owes $750, but about one-half of this consists of past-due interest on the mortgage and back taxes on the farm. Plaintiff, however, should pay the back interest and taxes, and further, in

order not to increase defendant's indebtedness, plaintiff should pay him the sum of $350. This sum may be paid by crediting him with an equivalent amount on the sums due from him to plaintiff for the support of the children under the court's order and on the costs of the lower court and this court. In all other respects the decree is affirmed, with costs to plaintiff.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.